UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

PIERRE MERLIN KAMTCHI,

Plaintiff,

-against-

CITY OF NEW YORK et al.,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
26-CV-492 (EK)(LKE)

ERIC KOMITEE, United States District Judge:

Plaintiff Pierre Merlin Kamtchi filed this action against the City of New York (the "City"), proceeding *pro se*, in March. *See* ECF No. 1. Kamtchi subsequently filed an amended complaint, ECF No. 6, adding the Administration for Children's Services ("ACS") as a defendant. The amended complaint clarifies that the claims against the City and ACS are brought pursuant to 42 U.S.C. § 1983. *Id.* at 5. Kamtchi also moves to proceed *in forma pauperis*, citing the fact that he "just came home from jail" and is living "in a shelter." *IFP* Mot. 2, ECF No. 7. For the reasons that follow, Kamtchi is granted *IFP* status, but all claims are dismissed.

## I. Background

The Court draws the following facts from the initial and amended complaints and presumes their truth for purposes of

this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

Kamtchi alleges that ACS crossed jurisdictions to "chase after a Canadian child, Trust Jones Kamtchi." Compl. 7. Thereafter, he was arrested pursuant to an "invalid[]" warrant "initiate[d]" by ACS in Queens Family Court and held at Rikers Island for ninety days. Am. Compl. 5. During those ninety days, Kamtchi says he was tortured by being "questioned every single day, 'Where is the child[?] Where is the child[?]'" *Id.* Kamtchi also contends that he was the subject of racial discrimination because only he — and not his wife, who was also named on the warrant — was ultimately arrested. *See* Am. Compl. 5. He brings Section 1983 claims against the City and ACS for "false warrant, crossing jurisdiction to look for a child, false incarceration, torture, trauma, jail time, racis[im] and disturbing the birth of [his] child." *Id.* at 6. He seeks $125,000 in monetary damages. *Id.*

## II. Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court must accept the truth of "well-pleaded,

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). A district court will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

### A. Section 1983 Claim Against ACS

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." Accordingly, Kamtchi's Section 1983 claim against ACS — a city agency — must be dismissed. *See Friedman v. New York City Admin. for Children's Servs.*, 502 F. App'x 23, 27 (2d Cir. 2012) ("Even though [plaintiff] brought

claims against ACS, City agencies are not suable entities, and thus, the proper defendant is the City of New York.”).

**B. Section 1983 Claim Against the City of New York**

To bring a Section 1983 claim against a municipality, a plaintiff must allege “(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right.” *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023). “The Supreme Court has made clear that a municipality cannot be made liable under § 1983 for acts of its employees by application of the doctrine of *respondeat superior*.” *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). “Rather, a plaintiff must identify either an ‘express rule or regulation,’ a practice that ‘was so persistent or widespread as to [carry] the force of law,’ or misconduct of ‘subordinate employees’ that ‘was so manifest as to imply the constructive acquiescence of senior policy-making officials.’” *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, Kamtchi alleges no facts from which the Court could reasonably construe the actions taken against him as being the product of a municipal policy or practice, even with a liberal construction of the complaint. Accordingly, his claim against the City is also dismissed.

## IV. Conclusion

For the foregoing reasons, Kamtchi is granted *in forma pauperis* status, but his case is dismissed.[2] Kamtchi's Section 1983 claim against the Administration for Children's Services is dismissed with prejudice. But his claim against the City is dismissed without prejudice. Kamtchi may, within thirty days of this order, file an amended complaint that corrects the deficiencies with that claim identified herein. He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Second Amended Complaint," and that it must bear the same docket number as this order: 26-CV-492(EK)(LKE).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to

[2] Although the Second Circuit has not directly addressed the question, the Third Circuit has held that "a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an *IFP* application in either order or even simultaneously" — an approach which it says "aligns [it] with [its] sister Courts of Appeal." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York